IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON PATTERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 13-cv-07324 |
| ) | |
| RICHARD HARRINGTON, Warden, ) | |
| Menard Correctional Center, ) | Judge Robert M. Dow, Jr., |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent Richard Harrington's motion to dismiss [9] Petitioner Jason Patterson's petition for a writ of habeas corpus [1] on the ground that the petition is time barred under the one-year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, the Court grants Respondent's motion [9] and dismisses the habeas petition as untimely.

**I.     Background**

In March 2004, in the Circuit Court of Cook County, Illinois, Petitioner Jason Patterson pleaded guilty to one count of first degree murder and one count of aggravated battery of a child. In exchange, the State dismissed three additional counts and agreed to a fifty-year sentencing cap. The factual basis for Petitioner's plea established that in August 1999, Petitioner beat a five-year-old to death and similarly battered her six-year-old brother. Upon his arrest, and after being advised of and waiving his Miranda rights, Petitioner admitted to police that he hit both kids with his belt. After confronted with the autopsy results, Petitioner admitted that he hit one of the children with an alphabet toy that police later recovered from his apartment.

Petitioner then gave a videotaped statement, in which he admitted striking both children with extension cords and his belt "for discipline purposes." On that particular evening, Petitioner beat the girl with his belt because she could not spell her last name. After the beating, she still did not spell it correctly, so he "shoved" the alphabet toy into her chest "at least twice." Petitioner demonstrated how he "shoved that board in her" and "how he hit her with the belt." Petitioner also struck her with his hand. He later left the apartment with his friends, smoked some marijuana, then returned to the apartment and slept. The next morning, after the girl began vomiting and complaining of stomach pain, he and the victim's mother took her to the hospital. The child died before she reached the hospital.

On May 7, 2004, the trial court sentenced Petitioner to 50 years of imprisonment. Petitioner neither timely moved to withdraw his plea nor timely filed a direct appeal.[1] In August 2004, Petitioner filed a motion seeking a free transcript of the guilty plea proceedings. The trial court denied that motion on October 20, 2004, and, on December 22, 2004, Petitioner filed a notice of appeal. The ensuing appeal, No. 1-04-3844, was dismissed for want of prosecution on August 3, 2005. Petitioner then filed a *pro se* petition for leave to appeal (PLA) to the Illinois Supreme Court. The Illinois Supreme Court denied leave to appeal on January 25, 2006. *People v. Patterson*, No. 101406, 844 N.E.2d 970 (Ill. 2006) (Table).

On July 13, 2006, Petitioner mailed a *pro se* postconviction petition pursuant to 725 ILCS 5/122-1, *et seq*. Appointed counsel subsequently filed a supplemental petition and an "addendum" to the supplemental petition. The state trial court dismissed the petitions on the State's motion, and the state appellate court affirmed. Petitioner's ensuing PLA was denied on September 26, 2012. According to Petitioner, he then filed a petition for certiorari with the

---

[1] He unsuccessfully attempted to file a late notice of appeal on August 26, 2004, which was denied on September 3, 2004.

United States Supreme Court in December 2012 and that petition was denied on March 4, 2013. On October 8, 2013, Petitioner mailed his 28 U.S.C. § 2254 petition from Menard Correctional Center. Respondent has moved to dismiss the petition as time-barred [7].

**II.     Analysis**

The sole question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one-year statute of limitations for § 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)    the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege a state-created impediment to filing or a newly recognized and retroactive constitutional right. See 28 U.S.C. § 2244(d)(1)(B)-(C). In turn, Respondent contends that whether the limitations period is calculated under 28 U.S.C. § 2244(d)(1)(A) or (d)(1)(d), Petitioner's claims are untimely.

Under section 2244(d)(1)(A), the "default" provision, see *Johnson v. Robert*, 431 F.3d 992, 992 (2005), the limitations period begins running when the judgment in a petitioner's case "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such

review," 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Here, because Petitioner did not file a motion to withdraw his guilty plea or a direct appeal, his judgment became final on June 7, 2004, the last date on which he could have filed, but did not file, a motion to withdraw his guilty plea.[2] See *United States ex rel. Martinez v. Hodge*, 2012 WL 1965447, at *2 (N.D. Ill. 2012) (where no motion to withdraw guilty plea filed, petitioner's judgment final under § 2244(d)(1)(A) thirty days after entry of plea); Ill. Sup. Ct. R. 604(d) (no appeal may be taken from judgment entered upon plea of guilty unless defendant moves to withdraw plea within thirty days). Accordingly, Petitioner's § 2254 petition was due one year later, on June 7, 2005. See Fed. R. Civ. P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (applying "anniversary method" of calculating limitations period). Furthermore, Petitioner's post-conviction proceedings did not toll the limitations period under § 2244(d)(2) because they were not commenced until July 13, 2006, after the federal year had lapsed. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (state proceeding that does not begin until after limitations period expires termed "irrelevant"). Thus, the present federal petition—filed in 2013—is years late.

Even assuming that Petitioner's first claim enjoys a later starting date of the limitations period, as calculated from (d)(1)(D), it still is time-barred. Petitioner's first claim alleges that he was denied the benefit of his plea bargain and that, until he received a copy of his sentencing order on February 5, 2005, he did not know that he would be required to serve a term of mandatory supervised release (MSR) following his agreed-upon 50-year sentence.[3] Assuming

---

[2] The thirtieth day, June 6, 2004, fell on a Sunday.

[3] Petitioner's assertion that he "did not learn what MSR meant until 2008" (see Doc. 1 at 11) does not change this analysis, for "time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner," or "when the prisoner recognizes [its] legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

4

that Petitioner did not receive notice that he would be required to serve an MSR term until February 5, 2005,[4] the limitations period for Petitioner's first claim would start on this later date under § 2244(d)(1)(D), and his federal year would have expired on February 6, 2006. Again, Petitioner's post-conviction proceedings did not toll the limitations period under § 2244(d)(2) because they were not commenced until July 13, 2006, after the federal year had lapsed. *De Jesus*, 567 F.3d at 943.

Moreover, Petitioner's motion for transcripts had no tolling effect because it was not an "application for State post-conviction or other collateral review." See *Price v. Pierce*, 617 F.3d 947, 952 (7th Cir. 2010) (holding that motion for DNA testing to prove actual innocence does not toll statute of limitations because successful motion only entitles petitioner to evidence, not release); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (state proceeding seeking transcripts that might aid in challenging conviction not an "application for state post-conviction or other collateral review" under § 2244(d) (2)); *United States ex rel. Topps v. Chandler*, 2013 WL 1283812, at *3 (N.D. Ill. Mar. 26, 2013) ("Although [Petitioner's] mandamus complaint alleged a deprivation of due process, it does not constitute a "collateral attack" on his conviction because even if it were successful, [his] remedy would have been the production of documents, not release or a new trial. Such requests for information—be they pursuant to the FOIA or other authority—generally do not constitute applications for state post-conviction or other collateral review under § 2244(d)(2).").

And even if the motion for transcripts did have a tolling effect, it would not salvage Petitioner's untimely petition. After the Illinois Supreme Court denied petitioner's post-conviction PLA on September 26, 2012, Petitioner waited more than a year—377 days—before

---

[4] The Court notes that Petitioner's May 7, 2004 "Order of Commitment and Sentence to Illinois Department of Corrections" plainly states that he is to serve "3 yrs MSR."

5

filing his § 2254 petition in this Court on October 8, 2013.[5] Accordingly, whether Petitioner's limitations period is calculated under § 2244(d)(1)(A) or (D), the petition is untimely.[6]

That leaves equitable tolling. A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010). It is a petitioner's burden to establish both of these points. See *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008). The realm of equitable tolling is a "highly fact-dependent area" in which courts are expected to employ "flexible standards on a case-by-case basis." *Socha v. Boughton*, --- F.3d ---, 2014 WL 3953932, at *1 (7th Cir. Aug. 14, 2014). That said, tolling is rare; it is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States,* 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation marks and alterations omitted). Petitioner does not argue for equitable tolling, and nothing in the record suggests that Petitioner pursued his rights diligently yet was thwarted by some "extraordinary circumstance" that prevented him from complying with the limitations period set forth in § 2244. *Holland,* 544 U.S. at 649. Neither his *pro se* status nor his unfamiliarity with the intricacies of habeas law (of which there admittedly are many) constitutes an "extraordinary circumstance." See *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004).

---

[5] Petitioner contends that the one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment should be tolled during the pendency of his petition for certiorari to the United States Supreme Court, filed on December 20, 2012 and denied by the Supreme Court on March 4, 2013. However, that argument has been squarely rejected by the Supreme Court. See *Lawrence v. Florida*, 549 U.S. 327 (2007) (AEDPA not tolled during pendency of petition for certiorari from judgment denying state post-conviction review). The one-year period does not include the time during which certiorari may be sought in the U.S. Supreme Court (or, if sought, ruled upon). See *id.*; see also *Socha v. Boughton*, --- F.3d ---, 2014 WL 3953932, at *1 (7th Cir. Aug. 14, 2014).

[6] Petitioner represents that the Illinois Appellate Court's August 3, 2005 dismissal order was entered in his direct appeal proceedings. But the record clearly reflects that Petitioner did not move to withdraw his plea, so he could not have filed a direct appeal. And there is no question that the December 22, 2004 notice of appeal was from the denial of Petitioner's motion for transcripts.

In short, the applicable one-year limitations period expired before Petitioner filed the instant petition, notwithstanding his various attempts to pursue relief in state court. Petitioner's contention that he had been diligent is pursuing his rights is unavailing as a matter of fact, law, or both.

## III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner Patterson must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ on whether his claims are time-barred under 28 U.S.C. § 2244(d)(1). Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IV.     Conclusion**

For these reasons, the Court grants Respondent Richard Harrington's motion to dismiss [9] Petitioner Jason Patterson's petition for habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: September 11, 2014

_____
Robert M. Dow, Jr.
United States District Judge